IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP ST. AUBURN KING | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0995-B |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Phillip St. Auburn King, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was charged with aggravated assault with a deadly weapon, a second degree felony. After he rejected a five-year plea offer, the state added an enhancement paragraph to the indictment alleging a prior felony conviction for engaging in organized criminal activity. Petitioner was convicted of the underlying offense, pled true to the enhancement paragraph, and was sentenced to 35 years confinement. His conviction and sentence were affirmed on direct appeal and state collateral review. *King v. State*, No. 05-02-01888-CR, 2004 WL 51904 (Tex. App.--Dallas, Jan. 13, 2004, no pet); *Ex parte King*, No. 24,154-03 (Tex. Crim. App. Apr. 6, 2005). Petitioner then filed this action in federal court.

II.

In four grounds for relief, petitioner contends that: (1) the amendment of his indictment to include an enhancement paragraph was the result of prosecutorial vindictiveness; (2) a juror failed to disclose material information during voir dire; (3) the prosecutor knowingly presented false testimony at trial; and (4) he received ineffective assistance of counsel.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal

principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner alleges that the prosecutor acted in a vindictive manner by amending the indictment to include an enhancement paragraph after defense counsel successfully moved for a continuance to obtain the testimony of a missing witness. Although petitioner speculates that the prosecutor retaliated against him for seeking a continuance, defense counsel offers a different explanation. In a sworn affidavit filed with the state habeas court, counsel stated that he told petitioner the prosecutor might ask the grand jury to add an enhancement paragraph to the indictment if he rejected the five-year plea offer. (*See* St. Hab. Tr. at 58). Under either scenario, petitioner is not entitled to habeas relief absent "objective evidence of actual vindictiveness." *See McCoy v. Dretke*, No. 4-04-CV-0438-A, 2004 WL 2452463 at *8 (N.D. Tex. Nov. 1, 2004), *citing United States v. Goodwin*, 457 U.S. 368, 384, 102 S.Ct. 2485, 2494, 73 L.Ed.2d 74 (1982). No such evidence has been presented here. Consequently, this ground for relief should be overruled.[1]

---

[1] Respondent argues that this claim is unexhausted because petitioner did not provide the state habeas court with a hearing transcript attached to his federal writ. However, "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

C.

Next, petitioner contends that a juror, Sandra Phipps, withheld material information regarding her marriage to a police officer. During voir dire, defense counsel asked the jury panel if anyone had friends or relatives who are police officers or work with police agencies. The record shows only that "Panel members respond." (SF-III at 84). Counsel then inquired:

> Would any of you feel like you are pressured to vote guilty just because you know that person who is a friend or relative that is a police officer? And if any of you feel that way--okay.
>
> I think what I'm hearing from you by no hands is that, look, I'm the juror. I'm listening to the evidence, and I'm gonna vote the way I believe the evidence tells me I ought to vote. Is that what I'm hearing?

Once again, the record reflects only that "Panel members respond." (*Id.* at 85). Petitioner now complains that Phipps, who was selected to serve on the jury, failed to tell counsel during voir dire that she was married to a Dallas County police officer.

In order to obtain federal habeas relief on this ground, petitioner must demonstrate that Phipps "failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *Montoya v. Scott*, 65 F.3d 405, 419 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1417 (1996), *quoting McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984). Petitioner admits that Phipps fully disclosed her husband's occupation on her juror information card. (*See* Pet. Mem. Br. at 3). Indeed, this fact was well-known to defense counsel. Nevertheless, as counsel explained to the state habeas court, he did not strike Phipps from the jury because there was "no basis to believe she would be unfair to the Applicant based upon all of the questions I asked of the panel." (St. Hab. Tr. at 58). Petitioner has failed to allege, much less prove, any facts to support

his claim that Phipps withheld material information during voir which, if disclosed, would have supported a challenge for cause. This ground for relief is without merit and should be overruled.

D.

Petitioner further contends that the prosecutor knowingly presented false testimony at trial. At issue is the testimony of the complaining witness, Eldon Wesley, who told the jury that he was sitting down when petitioner struck him with a hammer. (*See* SF-IV at 22-24). Petitioner maintains this testimony was false because he and another witness testified that Wesley was standing up and acting in an aggressive manner at the time of the assault. (*See id.* at 54-56, 158-59).

The due process clause prohibits the use of perjured testimony to obtain a conviction. *Giglio v. United States*, 405 U.S. 150, 153, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Black v. Collins*, 962 F.2d 394, 407 (5th Cir.), *cert. denied*, 112 S.Ct. 2983 (1992). In order to establish a due process violation based on the use of perjured testimony, a habeas petitioner must prove that: (1) the testimony was false; (2) the prosecutor knew it was false; and (3) the evidence was material. *Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir.), *cert. denied*, 115 S.Ct. 671 (1994). Here, there is absolutely no evidence that Wesley lied at trial. At most, there was conflicting evidence as to whether Wesley was sitting down or standing up when he was attacked by petitioner. Such contradictory testimony, standing alone, is not tantamount to perjury. *See United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989).

E.

In his final ground for relief, petitioner contends that he received ineffective assistance of counsel because his attorney: (1) failed to object to or request a limiting instruction regarding extraneous offense evidence; (2) elicited testimony of a remote prior conviction; and (3) did not call a defense witness who would have testified about the complainant's reputation for violence.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. The Fifth Circuit has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1311 (1990). In order to obtain federal habeas relief, a petitioner must affirmatively show how the actions of his attorney deprived him of a fair trial. *See Czere v. Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987).

2.

Petitioner first argues that his attorney should have objected to extraneous offense evidence elicited by the prosecutor from a defense witness, Yolanda Brown. At trial, Brown described the

incident between petitioner and Eldon Wesley, including a struggle that ensued after petitioner struck Wesley with a hammer. (*See* SF-IV at 132-35). When questioned by the prosecutor on cross-examination, Brown admitted that she was reluctant to testify because petitioner threatened to kill her if she went to the police. Brown also acknowledged that she filed a retaliation report against petitioner after this threat was made. (*Id.* at 136). Defense counsel did not object to this testimony or request a limiting instruction.

The court initially observes that evidence of threats made by petitioner was admissible to show "consciousness of guilt." *See Peoples v. State*, 874 S.W.2d 804, 809 (Tex. App.--Fort Worth 1994, pet. ref'd), *citing Rodriguez v. State*, 577 S.W.2d 491, 493 (Tex. Crim. App. 1979) ("Threats or other attempts at coercion are 'hardly the actions of an innocent accused,' and evidence of such is every bit as probative of guilt as would be flight by the accused."). Moreover, as counsel told the state habeas court:

> [I] made the determination in trial that Miss Brown's testimony was not very damaging to the defense. The thought was if counsel objected and was overruled then unwanted attention could have been given to the witness's testimony. I knew based upon prior conversations, with Ms. Brown, [that] she did not want to be in the courtroom testifying. Tactically, my thoughts were to get her on and off the witness stand without hurting the Applicant's potential self-defense testimony.

(St. Hab. Tr. at 58). The state court apparently agreed with this strategy, finding that petitioner "was represented by an attorney who exercised all of the skill and expertise which one could reasonably expect of an attorney and that Applicant was in no way denied his right to effective assistance of counsel at trial." (*Id.* at 56). Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut this finding. Nor has petitioner demonstrated prejudice. In light of the overwhelming evidence of guilt and the brutal nature of the attack, the court cannot say that the

outcome of the trial would have been different had counsel objected to Brown's testimony or requested a limiting instruction.

3.

Petitioner also criticizes defense counsel for asking him about a remote prior conviction. After petitioner testified that he hit Wesley with a hammer in self-defense, counsel inquired about a 1991 conviction for engaging in organized criminal activity. (*See* SF-IV at 171). Counsel believed that the prosecutor could have used this evidence to impeach petitioner on cross-examination, and wanted to "ask about the prior conviction before the State had an opportunity to [do] so." (St. Hab. Tr. at 59). Otherwise, "the jury could have gotten the impression we were being less than candid and trying to hide Mr. King's prior." (*Id.*). Petitioner challenges this strategy because his prior conviction was more than 10 years old and therefore inadmissible under Tex. R. Evid. 609(b).

Under Texas law, evidence that a witness has been convicted of a felony or a crime of moral turpitude is admissible for impeachment purposes. *See* TEX. R. EVID. 609(a). However:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, *whichever is the later date*, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

TEX. R. EVID. 609(b) (emphasis added). Although petitioner was convicted in 1991, he was sentenced to 30 years confinement. Assuming petitioner served only one year in prison, he would have been released within 10 years of his trial in 2002. Because this evidence was admissible for impeachment purposes, it was manifestly reasonable for defense counsel to ask petitioner about his prior conviction on direct examination.

4.

Finally, petitioner contends that his attorney failed to call Barbara Porter, who was available and willing to testify about Wesley's violent reputation. However, petitioner has not obtained an affidavit or a statement from Porter. Without this evidence, the court cannot begin to analyze a claim of ineffective assistance of counsel. *See Maki v. Dretke*, No. 3-03-CV-0011-D, 2004 WL 719146 at *7 (N.D. Tex. Apr. 1, 2004), *rec. adopted*, 2004 WL 1170476 (N.D. Tex. May 25, 2004), *citing Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).[2]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   September  20,  2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Respondent maintains that this claim was never presented to the Texas Court of Criminal Appeals. However, a careful review of the state court record reveals that petitioner raised this claim in a memorandum brief in support of his state writ. (*See* St. Hab. Tr. at 39).